Michael J. Elmore WSB #7-5665
Assistant United States Attorney
District of Wyoming
P.O. Box 449
Lander, WY 82520
307-332-8195
michael.elmore@usdoj.gov

**IN THE UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | ) | |
| | ) | |
| Plaintiff - Appellee, | ) | |
| | ) | |
| v. | ) | **Tenth Circuit No. 24-8022** |
| | ) | |
| **RONALD OSTROM,** | ) | |
| | ) | |
| Defendant - Appellant. | ) | |

---

**UNITED STATES' MOTION TO DISMISS APPEAL**

---

On March 7, 2024, the Defendant/Appellant, Ronald Ostrom (Defendant), filed a notice of appeal from the judgment entered of record in his criminal case on February 20, 2024. After the district court denied the last of his requests to file a late notice of appeal on March 18, 2024, this appeal was docketed in this court on March 25, 2024. For the reasons outlined below, the Defendant's appeal must be dismissed.

## **FACTS**

The Defendant was originally charged by indictment on May 19, 2022, with Theft of Government Property, in violation of 18 U.S.C. § 641 (Doc. 1). Additional

charges were added in the Superseding Indictment, (Doc. 19), and Second Superseding Indictment, (Doc. 35). Jury trial commenced December 4, 2023 (Doc. 73). The Defendant was found guilty of Counts 1, 2, 3, 4, 6, and 7, and not guilty on Counts 5, 8, 9, 10, 11, 12, and 13 (Doc. 83 [Jury Verdict]). On February 20, 2024, the Defendant was sentenced to supervised probation for a term of two years (Doc. 98 [minute entry regarding sentencing] and Doc. 99 [judgment]).

Sixteen days after the Judgment was entered, on March 7, 2024, the Defendant filed his notice of appeal (Doc. 102 [Notice of Appeal, Prelim. ROA at 22]), attaching a request for an extension of time to file his notice (Doc. 102-2 [Mot. Extension, Prelim ROA at 24-26]). On March 11, 2024, the Defendant filed another motion for an extension of time to file a Notice of Appeal (Doc. 104 [Mot. Extension, Attachment 1]). The district court denied the motion for an extension of time the same day finding no excusable neglect or good cause to justify an extension of time (Doc. 105 [Order Denying Mot. Extension, Attachment 2]). On March 14, 2024, the Defendant filed an Amended Motion for an Extension of Time to file Notice of Appeal (Doc. 107 [Amended Mot. Extension, Attachment 3]). On March 18, 2024, the district court again denied the request, finding there was still no good cause or excusable neglect (Doc. 109 [Order Denying Amended Mot. Extension, Attachment 4]).

On March 25, 2024, the Defendant's appeal was docketed in this court.

## **ARGUMENT**

The Defendant filed his notice of appeal two days late, outside the 14-day deadline for appealing in a criminal case. *See* Fed. R. App. P. 4(b)(1)(A). The deadline for appealing in a criminal case is not jurisdictional; instead, it is "an 'inflexible claim-processing rule.' " *United States v. Randall*, 666 F.3d 1238, 1241 (10th Cir. 2011) (*quoting United States v. Garduño,* 506 F.3d 1287, 1291 (10th Cir. 2007)). The "timeliness requirements of Rule[ ] 4(b)(1)(A) ... remain inflexible and 'thus assure relief to a party properly raising them.' " *United States v. Winter Rose Old Rock,* 76 F.4th 1314, 1317 (10th Cir. 2023).

However, if the government does not raise such an argument in a timely fashion, it may forfeit it. *Id*. Under 10th Circuit Rule 27.3(A)(3)(a), a motion to dismiss "should be filed within 14 days after the notice of appeal is filed, unless good cause is shown." The rule does not specify whether the time runs from the initial filing of the notice of appeal in the district court or its filing in this court. While this is usually of no import, here there was a significant delay between the filing in the district court and the filing of the notice of appeal in this court.

The rule should be read to begin the 14-day time period when the notice of appeal is filed in this court. Without that filing, the case has not yet been docketed and there would be no case number assigned for the motion to dismiss to be filed

3

under. Further, this reading is consistent with the docketing letter issued by the clerk's office. Those docketing letters provide several deadlines from the date of the docketing letter that, by rule, also run from the filing of the notice of appeal, which suggests that those references to the filing of the notice of appeal refer to filing in the appellate court. (Case No. 24-8022, Doc. 010111021076). The Defendant's Notice of Appeal in this case was forwarded by the district court to this court on March 25, 2024, providing a deadline of April 8, 2024 in which to move to dismiss. Under this understanding of the rule, the government's motion is timely.

If the 14-day time period was to run from the initial filing of the Defendant's Notice of Appeal on March 7, 2024, the government had good cause to delay filing its motion. Furthermore, this court may suspend any part of its local rules at the request of party. 10th Cir. R. 2.1.

Here, on March 7, 2024, the Defendant's Notice of Appeal was filed contemporaneously with a request for the district court to excuse its late filing. (Doc. 102, 102-2; Prelim. ROA at 22-26). And the Defendant sought reconsideration of the district court's initial denial of an extension of time, which resulted in the district court's final order on the question being filed on March 18, 2024. (Attachments 1-4). With the issue of the timeliness of the Defendant's Notice of Appeal before the district court for its determination, it would not have made sense for the government to attempt to move this court to dismiss an undocketed appeal. Furthermore, it would

4

have denied the government the benefit of knowing the district court's determination in considering the prudence of its motion.

In *Randall*, the court explained that while defendants may ask for an extension of time to file their notice of appeal, "[i]n most cases, the appropriate remedy is to remand the case to the district court so that the court can determine if the requisite showing for a thirty-day extension of time can be made." *Id.* (quoting *United States v. Espinosa-Talamantes,* 319 F.3d 1245, 1246 (10th Cir. 2003)).

The district court in this case has determined, and re-determined, that no excusable neglect nor good cause was demonstrated by the Defendant for missing the deadline to file an appeal. Allowing that determination to be completed by the district court conserved both the government's and appellate court's resources, which is the reason for Rule 27.3. *Winter Rose Old Rock,* 76 F.4th at 1318. It further eliminated the need for a back and forth between the trial and appellate court as contemplated in *Randall*.

The government's motion to dismiss this appeal is timely, and even if it is not, the government has shown good cause for any delay. Below, the district court correctly determined that the Defendant failed to show good or excusable neglect. (Attachment 2, 4). The court determined that the fault in the delay was entirely the Defendant's, holding that poor communication among counsel did not qualify as excusable neglect or good cause. (Attachment 2 at 3-4). And when supplied with

additional information about the delay, the district court also held that medical issues affecting individuals adjacent to defense counsel did not amount to good cause or excusable neglect. (Attachment 4 at 1-2).

Because the district court correctly determined there was no good cause or excusable neglect that would allow for the Defendant to file his notice of appeal late, and because the government has appropriately objected to the late filing of the notice of appeal, this court should dismiss the appeal.

## <u>CONCLUSION</u>

For the reasons outlined above, the Defendant's appeal must be dismissed.

**DATED** this 26th day of March, 2024.

Respectfully submitted,

NICHOLAS VASSALLO
United States Attorney

By:   */s/ Michael J. Elmore*
MICHAEL J. ELMORE
Assistant United States Attorney
District of Wyoming
P.O. Box 449
Lander, WY 82520
307-332-8195
michael.elmore@usdoj.gov

## **<u>CERTIFICATE OF SERVICE</u>**

I hereby certify that on this 26th day of March, 2024, I electronically filed the foregoing **United States' Motion to Dismiss Appeal** using the court's CM/ECF system which will send notification of such filing to Timothy J. Blatt and Samuel P. Krone, counsel for the Defendant/Appellant.

*/s/ Vickie L. Smith*
UNITED STATES ATTORNEY'S OFFICE