Samuel P. Krone, WSB #6-3534
Krone Law, LLC
P.O. Box 2481
Cody, Wyoming 82414
307-578-6721
sam@samkronelaw.com
*Attorney for Ronald Ostrom*

UNITED STATES COURT OF APPEALS
FOR THE TENTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| Plaintiff -Appellee, | Case No. 24-8022 |
| v. | |
| RONALD OSTROM, | |
| Defendant – Appellant. | |

## APPELLANT'S RESPONSE TO THE UNITED STATES' MOTION TO DISMISS APPEAL

On March 7, 2024, the Defendant/Appellant, Ronald Ostrom (Defendant) filed a notice of appeal from the judgment entered of record in his criminal case on February 20, 2024. Counsel for the Defendant filed a motion for extension of time to file a Notice of Appeal on March 11, 2024 (Doc. 104) and a more detailed amended motion for extension of time to file a Notice of Appeal on March 14, 2024 (Doc. 107). The district court denied both motions for extension of time to file a Notice of Appeal. This appeal was docketed in this Court on March 25, 2024. For

the reasons outlined below, the United States' Motion to Dismiss Appeal should be denied, and the appeal should proceed.

## FACTS

The Defendant was originally charged by indictment on May 19, 2022, with Theft of Government Property, in violation of 18 U.S.C. § 641 (Doc 1). Additional charges were added in the in the Superseding Indictment, (Doc. 19), and Second Superseding Indictment, (Doc. 35). Jury trial commenced December 4, 2023 (Doc. 73). The Defendant was found guilty of Counts 1, 2, 3, 4, 6 and 7, and not guilty on Counts 5, 8, 9, 10, 11, 12 and 13 (Doc. 83 [Jury Verdict]). On February 20, 2024 the Defendant was sentenced to supervised probation for a term of two years (Doc. 98 [minute entry regarding sentencing] and Doc. 99 [judgment]).

Sixteen days after the Judgment was entered, on March 7, 2024, the Defendant filed his notice of appeal (Doc. 102 [Notice of Appeal, Prelim ROA at 22]), attaching a request for extension of time to file his notice (Doc. 102-2 [Mot. Extension, Prelim ROA at 24-26]). This request was filed by new counsel who attempted to enter his appearance at the same time (Doc. 102). This was two days after the time limit proscribed in the rule. The United States (Plaintiff) did not object to the motion for extension to file Notice of Appeal at that time. The Plaintiff filed its Motion to Dismiss on March 26, 2024. On March 11. 2024, the Defendant filed a motion for extension of time to File Notice of Appeal (Doc. 104 [Mot. Extension, Amendment 1]). The district court denied the motion for an extension of time finding no excusable neglect or good cause to justify an extension of time (Doc. 105 [Order Denying Mot. Extension, Attachment 2]). On March 14, 2024, the Defendant filed an amended and more detailed motion for an extension of time to file Notice of Appeal (Doc. 107 [Amended Mot. Extension, Attachment 3]). On March 18, 2024, the district court again denied the request finding no excusable neglect or good cause (Doc. 109[Order Denying Amended Mot. Extension, Attachment 4]).

On March 25, 2024, the Defendant's appeal was docketed in this court.

## ARGUMENT

The Defendant filed his notice of appeal two days late, outside the fourteen-day deadline for appealing in a criminal case as required in Fed. R. App. P. 4(b)(1)(A). However, the Plaintiff did not raise this issue or argument in a timely fashion as proscribed under 10th Circuit Rule 27.3(A)(3)(a), stating that a motion to dismiss "should be filed within 14 days after the notice of appeal is filed, unless good cause is shown. As such, the Plaintiff has forfeited this argument, as the Notice of Appeal was filed March 7, 2024 and Motion to Dismiss was filed on March 26, 2024 (Case No. 24-8022, Doc. 010111022551), well outside the 14 day period.

When considering a request for extension in a criminal case, the court should consider all relevant circumstances to make an equitable determination surrounding party's omission. The court considers four factors, 1) the danger of prejudice to the non-moving party, 2) the length of delay and its potential impact on judicial proceedings, 3) the reason for the delay, including whether it was within the control of the movant and 4) whether the movant acted in good faith, as described in *United States v. Munoz,* 664 Fed. Appx. 713. These factors were not discussed in any detail by the district court. Further, the Notice of Appeal was still filed within the 30 day period as proscribed by the Fed. R. App. P. 4(b) Motion for Extension of Time, *"Upon a finding of excusable neglect or good cause, the district court may—before or after the time has expired, with or without motion and notice—extend the time to file a notice of appeal for a period not to exceed 30 days from the expiration of the time otherwise prescribed by this Rule 4(b)."*

In considering the factors described in *Munoz,* the danger of prejudice to the Plaintiff is minimal to none, the length of delay was small and well within the 30-day period allowed for in an extension request, the reason for delay related to the transfer of counsel and health issues related to the elderly father of new counsel and certainly the movant has acted in good faith.

## CONCLUSION

Because the Plaintiff did not file a timely motion to dismiss and the district court did not properly consider the factors necessary to determine good cause or excusable neglect as related to the Defendant's motion for extension of time to file the Notice of Appeal, the government's motion to dismiss should be denied and the Defendant's appeal should be allowed to proceed.

**DATED** this 9th day of April, 2024.

Respectfully submitted,

/s/*Samuel P. Krone*

---

SAMUEL P. KRONE

## CERTIFICATE OF SERVICE

I hereby certify that on this 9th day of April, 2024, I electronically filed the forgoing ***APPELLANT'S RESPONSE TO THE UNITED STATES' MOTION TO DISMISS APPEAL*** using the court's CM/ECF system which will send notification of such filing to Michael J. Elmore, counsel for the Plaintiff/Appellee.

/s/ *Samuel P. Krone*
*Attorney for the Defendant/Appellant*